**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**MICHAEL SHAWN EVANS,**

    Plaintiff,

v.                                                             **CIVIL ACTION NO.: 3:15-CV-64
(GROH)**

**UNITED STATES OF AMERICA,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court for consideration of a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. On May 27, 2015, the Plaintiff filed his complaint alleging violations of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 1402(b), 2401(b), 2671-2680. Pursuant to this Court's Local Rules, the action was referred to Magistrate Judge Trumble for submission of an R&R. On April 11, 2016, Magistrate Judge Trumble issued his R&R, which recommends that this Court grant the United States' motion to dismiss, dismiss with prejudice the Plaintiff's failure to protect claim and dismiss without prejudice the Plaintiff's claims regarding his disciplinary hearing and psychological treatment.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner

constitutes a waiver of *de novo* review and a plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Objections to Magistrate Judge Trumble's R&R were due within fourteen days after being served with a copy of the R&R. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The Plaintiff was served with the R&R on April 13, 2016. On April 27, 2016, he mailed out a motion for extension of time, requesting an additional thirty days within which to file his objections. On May 3, 2016, this Court granted in part the Plaintiff's motion, requiring his objections to be filed within fourteen days after receiving the order. On May 16, 2016, the Plaintiff timely filed his objections.

The Court is aware of the Plaintiff's *pro se* status. *Pro se* pleadings are held to less stringent standards than those drafted by licensed attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1971). Accordingly, the Court construes liberally the Plaintiff's objections to the R&R. However, this Court's liberal construction does not extend so far as to create objections where none exist. Importantly, objections to a magistrate judge's report and recommendation must be specific. See Fed. R. Civ. P. 72(b)(2); Orpiano v. Johnson, 687 F.2d 44, 48 (4th Cir. 1982); see also Parker v. Comm'r of Soc. Sec., No. 4:11cv00030, 2012 WL 1356593, at *3 (W.D. Va. Apr. 19, 2012). General objections, or mere reiterations of arguments already presented to the magistrate judge, "have the same effect as a failure to object," and thus do not warrant *de novo* review. Parker, 2012 WL 1356593, at *3; see also United States v. Midgette, 478 F.3d 616, 621-22 (4th Cir. 2007); Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003). Here, the Plaintiff raises various arguments, all of which he styles as objections to the R&R. However, every argument is,

2

in some form, a reiteration of a claim or factual scenario that he previously raised in his complaint or response in opposition to the United States' motion to dismiss. Therefore, this Court will review the R&R for clear error.

Upon review, the Court agrees with Magistrate Judge Trumble's finding that the Plaintiff's claim regarding negligence and failure to protect is jurisdictionally barred pursuant to the FTCA's discretionary function exception. See 28 U.S.C. § 2680(a). The Plaintiff avers that the United States was negligent in its "failure to account for and secure the screw driver" that another inmate used to injure him. ECF No. 1 at 11. However, the act of securing prison tools is a discretionary function, and so the United States is immune from any cause of action brought in relation to that act. A government act falls under the discretionary function exception, and thus renders the United States immune from suit, when it "involves an element of judgment or choice," and that judgment or choice is "based on considerations of public policy." Berkovitz by Berkovitz v. United States, 486 U.S. 531, 536-37 (1988). "The requirement of judgment or choice is not satisfied if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow.'" United States v. Gaubert, 499 U.S. 315, 322 (1991) (quoting Berkovitz, 486 U.S. at 536).

The Plaintiff cites to BOP Program Statement ("PS") 5500.14, which references tool control procedures, in support of his argument that the act of securing prison tools is not discretionary. However, PS 5500.14 applies to the control, use, storage and inventory of tools that belong to federal prisons—not unauthorized contraband. The modified screwdriver used in the Plaintiff's assault was not a BOP tool and thus was not subject to PS 5500.14. ECF No. 23-3, 23-5. Therefore, because there is no federal statute, regulation or policy specifically prescribing a course of action for BOP employees to follow

3

in regard to contraband weapons, the requirement of judgment or choice is satisfied. Additionally, because the BOP is given discretion in exercising control over contraband shanks, it "must be presumed" that its acts in this area are grounded in public policy. See Gaubert, 499 U.S. at 324-25. Moreover, courts have consistently found that prisoner suits alleging injury by other inmates are barred by the discretionary function exception. See, e.g., Donaldson v. United States, 281 Fed. App'x 75, 76-78 (3d Cir. 2008); Cohen v. United States, 151 F.3d 1338, 1344-45 (11th Cir. 1998); Little v. United States, Civil Action No. 5:11CV41, 2014 WL 4102377, at *7 (N.D. W. Va. Aug. 18, 2014) (collecting cases). For these reasons, the Plaintiff's failure to protect claim is barred by § 2680(a) of the FTCA and must be dismissed.

The Court also agrees with Magistrate Judge Trumble's finding that the Plaintiff's claim with respect to his disciplinary hearing and loss of good conduct time is improper in the instant FTCA action. Insofar as the Plaintiff seeks restoration of his good conduct time, this claim must be brought in a habeas proceeding pursuant to 28 U.S.C. § 2241. See Fontanez v. O'Brien, 807 F.3d 84, 87 (4th Cir. 2015) ("It is well established that 'attacks on the execution of a sentence are properly raised in a § 2241 petition.'" (quoting In re Vial, 115 F.3d 1192, 1994 n.5 (4th Cir. 1997))); Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (per curiam) ("A challenge, such as this one, to a disciplinary action that resulted in the loss of good-time credits, is properly brought pursuant to § 2241, as the action could affect the duration of the petitioner's sentence."). Finally, any claim related to inadequate medical or psychological treatment—if one exists[1]—must be

---

[1] In his "objections" to the R&R, the Plaintiff states that he "did not file a suit for medical/psychological negligence." ECF No. 36 at 3. Nevertheless, in the interest of prudence, the Court has reviewed the portion of the R&R addressing this topic.

4

dismissed because the Plaintiff has not complied with the requirements of West Virginia Code § 55-7B-6.

Accordingly, the Court finds that Magistrate Judge Trumble's Report and Recommendation [ECF No. 30] should be, and is, hereby **ADOPTED**. The Court **ORDERS** that the United States' Motion to Dismiss [ECF No. 22] is **GRANTED**. The Court further **ORDERS** that the Plaintiff's complaint [ECF No. 1] is **DISMISSED**. Specifically, the Plaintiff's claim regarding negligence and failure to protect is **DISMISSED WITH PREJUDICE**, and the Plaintiff's claims regarding his disciplinary hearing, loss of good conduct time and psychological treatment are **DISMISSED WITHOUT PREJUDICE**.

The Court **ORDERS** that the Plaintiff's Motion for Appointment of Counsel [ECF No. 32] and Motion for Discovery [ECF No. 37] are **DISMISSED AS MOOT**.

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Defendant.

The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record and the *pro se* Plaintiff.

**DATED:** September 2, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE